**EASTERN TRADING CO., Ltd., Plaintiff,**
**v.**
**STATES MARINE CORPORATION OF DELAWARE and States Marine Corporation, Defendants.**

United States District Court
S. D. New York.
March 17, 1959.

Bigham, Englar, Jones & Houston, New York City, for plaintiff, F. Herbert Prem, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendants, L. deGrove Potter, James J. Higgins, New York City, of counsel.

DAWSON, District Judge.

This is a motion by defendants for summary judgment under Rule 56 and to dismiss the complaint under Rule 12 F. R.Civ.P. 28 U.S.C.A. on the ground that the original action is time-barred; and a cross-motion by plaintiff for summary judgment. The basic action is for recovery of a sum of money representing the value of certain vehicles which plaintiff alleges were misdelivered by defendants.

■ It is alleged in the complaint that on or about March 22, 1954, plaintiff's goods were delivered to defendants in San Francisco, California, and defendants agreed to transport said cargo to Pusan, Korea. Defendants were acting as a common carrier and accepted said vehicles in consideration of certain prepaid freight charges under the terms of five negotiable bills of lading. The vehicles were placed aboard two vessels and arrived at the port of Pusan on March 26th and April 24, 1954, where defendants delivered them to the Collector at the Pusan Customs House.

The complaint further alleges that on or about June 12, 1955, defendants wrongfully, and without authority from plaintiff, delivered the said vehicles to parties other than plaintiff. The plaintiff further alleges that it never received the vehicles or the value thereof.

This motion to dismiss by defendants is based upon the ground that the terms of the bills of lading had a time limitation beyond which plaintiff could not sue for misdelivery or damage to the cargo, particularly as set forth in the following paragraph:

> "In any event the carrier and the ship shall be discharged from all liability in respect of loss, damage, delay or non-delivery of the goods, or in respect of freight, charges, expenses, tariff classification or otherwise in connection with the goods, unless suit or appropriate proceeding is brought within one year after delivery of the goods or the date when the goods should have been delivered."

■ The law is well settled that when parties enter into a contract wherein a bill of lading or express receipt is provided which supplies the terms of the contract, both parties are bound by the terms of the contract so long as they are not in violation of public policy. American Railway Express Co. v. Lindenburg, 1922, 260 U.S. 584, 43 S.Ct. 206, 67 L.Ed.

414; A. Russo & Co. v. United States, 5 Cir., 1930, 40 F.2d 39; Lagerloef Trading Co. v. United States, D.C.S.D.N.Y. 1930, 43 F.2d 871; Williston, Contracts, § 90(b) (1936); Restatement, Contracts, § 70 (1932).

Plaintiff in its complaint alleges that defendants, without obtaining authority from the plaintiff, and "without production or surrender of said negotiable bills of lading," surrendered the merchandise to a party other than plaintiff. Defendants urge that in fact they delivered the merchandise to the Collector at the Pusan Customs House, and that this was done in accordance with the provisions of the charter party.[1] They allege that this was the date of "delivery" which started the one year period for bringing an action and that they are not bound by the date on which the Customs officials may have delivered the merchandise, or the date on which the person to whom the Customs officials delivered the merchandise may have delivered the goods.

The question which the Court must consider on this motion is what is meant by the words "within one year after delivery of goods." In fixing the cut-off time for an action, was delivery of the goods accomplished when they were delivered to the Customs officials, or when they were delivered by the Customs officials to some consignee? The pleadings alone and the papers submitted on this motion are not sufficient to determine this issue with any definiteness. It would seem that the issue could better be determined at the trial when all the factual background of the litigation will be before the court and the parties will have had adequate opportunity to present any proof which may have a bearing on this problem. The Court, therefore, denies the motion to dismiss the complaint, without prejudice to defendants' right to raise the same issue at the trial. So ordered.

There are sufficient facts in dispute to preclude the plaintiff's motion for summary judgment. Here again the issues should be determined at the trial and not on affidavits. The motion for summary judgment is denied. So ordered.

1. Clause 10 of the bill of lading provides in pertinent part:

"The goods shall be considered to be delivered and at their own risk and expense in every respect when taken into the custody of Customs or other authorities."

Clause 3 of the bill of lading stated:

"Whenever the goods are discharged from the ship they shall be at their own risk and expense. Such discharge shall constitute complete delivery and performance under this contract and the carrier shall be free from any further responsibility."